F I L E D
**United States Court of Appeals
Tenth Circuit**

**AUG 12 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

vs.

TIM THEMY-KOTRONAKIS,

     Defendant-Appellant.

No. 97-4166
(D.C. No. 86-486-G)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **KELLY** , and **HENRY** , Circuit Judges.[**]

Defendant-Appellant Tim Themy-Kotronakis appeals from the district

court's revocation of probation and imposition of six months imprisonment.  Mr.

Themy-Kotronakis contends the district court's failure to apprise him of the

disadvantages of proceeding without full representation of counsel invalidates his

waiver of such benefits and entitles him to a new revocation hearing.  Our

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal.    See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The cause is therefore ordered submitted without oral argument.

jurisdiction arises under 28 U.S.C. § 1291 and we affirm.

Mr. Themy-Kotronakis argues the district court failed to make inquiry regarding his waiver of representation by counsel. However, we review de novo whether Mr. Themy-Kotronakis waived his right to counsel, see Brewer v. Williams, 430 U.S. 387, 397 n.4 (1977), and believe he did not. A waiver of the right to be represented by counsel must be knowing and intelligent, see Farretta v. California, 422 U.S. 806, 835 (1975); if anything, the record here discloses Mr. Themy-Kotronakis knowingly and intelligently preserved his right to the aid of counsel at his revocation hearing. See Aplt. App. at 3-12. In response to Mr. Themy-Kotronakis' request, the district court ordered the appointment of standby counsel, see Aplt. App. at 14, and Mr. Themy-Kotronakis was so assisted at the hearing. See Aplt. App. at 17-18; id. at 43- 61. There being no waiver of the right to counsel, the question of its validity is moot.

AFFIRMED.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge


2